**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Prince Sahaali A.M. Kennedy-Bey,** ) | **CASE NO. 1:16 CV 1144** |
| **aka Antonio M. Kennedy,** ) | |
| ) | **JUDGE PATRICIA A. GAUGHAN** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Memorandum of Opinion and Order** |
| **Los Angeles Unified School District,** ) | |
| ) | |
| **Defendant.** ) | |

**INTRODUCTION**

*Pro se* Plaintiff Prince Sahaali A.M. Kennedy-Bey, aka Antonio M. Kennedy, filed this action against the Los Angeles Unified School District ("LAUSD"). In the Complaint, Plaintiff alleges the LAUSD did not renew his contract for the 2009-2010 school year. He asserts claims for violation of the collective bargaining agreement, discrimination, negligence, "breach of contract duty of good faith and fair dealing," retaliation, fraud, malfeasance, conspiracy, and stalking. He seeks $ 43,000,000.00 in damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 3). That Application is granted.

**BACKGROUND**

Plaintiff's Complaint is very brief. He worked as a provisional teacher for the LAUSD

from 2006 to 2008. He contends he was not informed of less than satisfactory performance reviews. He states the LAUSD did not establish a list of objectives for the year and did not make specific recommendations for improvement. He asserts that this violated the collective bargaining agreement between the LAUSD and its teachers. He alleges he filed a complaint with the EEOC in November 2007 and February 2008. He does not elaborate on the content of these complaints.

On March 13, 2008, the LAUSD notified him, in writing, that it would not "reelect [him] to [his] certificated position for the next succeeding school year." (ECF No. 1-1 at PageID#: 8). Plaintiff alleges the vice principal of his school entered his class twice within a twenty minute period of time to request his signature on the notice of non-reelection. Disregarding the notice, Plaintiff reported to his physician in June 2008 claiming he had been suffering from extreme work related stress since March 13, 2008. He requested that he be permitted to take a leave of absence from June 2008 until September 2008. In July 2008, the LAUSD responded with a letter reminding him that his services as a provisional teacher would not be required for the 2009-2010 school year. (ECF No. 1-1 at PageID#: 9).

Eight years later, Plaintiff has filed this action against the LAUSD to contest the District's decision to not renew his contract. In addition to his claim that the LAUSD violated the collective bargaining agreement, Plaintiff asserts claims for discrimination, negligence, "breach of contract duty of good faith and fair dealing," retaliation, fraud, malfeasance, conspiracy, and stalking.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

This Court is not the proper venue for this case. A civil action may be brought only in:

-3-

(1) a judicial district where any Defendant resides, if all Defendants reside in the District in which the Court is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought as provided by this section, any judicial district in which any Defendant is subject to the Court's personal jurisdiction with respect to the action brought.  28 U.S.C. § 1391(b).  The Defendant is the Los Angeles California School District, which is located in the Central District of California.  All of the events alleged in the Complaint took place in Los Angeles, California.  The United States District Court for the Central District of California is the appropriate venue for this case.

An improperly venued action must be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought.  28 U.S.C. § 1406(a).  For the reasons stated below, the Court finds that it would not be in the interest of justice to transfer this matter, and this action is, therefore, dismissed.

Plaintiff fails to state a claim upon which relief may be granted.  Although the standard of review is liberal, it requires more than bare assertions of legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996).  The Complaint must give the Defendant fair notice of what the Plaintiff's claims are and the grounds upon which they rest. *Id*. at 726; *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). While Plaintiff asserts multiple causes of action, he does not allege sufficient facts to demonstrate that the Defendant is plausibly liable to him under any of these legal theories.

Furthermore, even if he had stated a claim for relief, the applicable statute of limitations for these claims has expired.  Plaintiff was notified in March 2008 that he would not be offered

a teaching contract for the 2008-2009 school year.  Plaintiff filed this action eight years later on May 13, 2016.  Discrimination claims asserted under 42 U.S.C. § 1983 are subject to a two-year statute of limitations.  *Wood v. Kern Cty. Child Protective Servs*., No. 1:14-CV-00472, 2014 WL 1664885, at *4 (E.D. Cal. Apr. 23, 2014).  The statute of limitations for violations of the collective bargaining agreement is six months.  *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983).  Under California law, the statute of limitations for malpractice, negligence, and intentional torts is two years.  Cal. Civ. Proc. Code §§ 335, 335.1; *Yun Hee So v. Sook Ja Shin*, 212 Cal. App. 4th 652, 662 (2013).  A three-year statute of limitations applies for actions for relief on the ground of fraud or misrepresentation. Cal. Civ. Proc. Code § 338(d).  Similarly, the statute of limitations for breach of fiduciary duty is three years where the basis of the claim is fraud; otherwise it is four years under the catchall provision of California's Civil Procedure Code § 343(a).  There is no point in transferring this case when all of the Plaintiff's claims are time-barred.

Finally, Plaintiff filed a Motion for Summary Judgment (ECF No. 4) based on Plaintiff's assertion that the Defendant did not respond to his Affidavit of Truth and Notice of Default of the "Sovereign Moor Empire."  The body of the Motion is composed entirely of random legal citations, many of which are abbreviated to the point that they are devoid of content.  The Motion lacks any real basis in law or fact and is denied.

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 3) is granted, his Motion for Summary Judgment (ECF No. 4) is denied, and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an

appeal from this decision could not be taken in good faith.

      IT IS SO ORDERED.

                                /s/ Patricia A. Gaughan
                              PATRICIA A. GAUGHAN
                              United States District Judge

Dated: 7/5/16